## Orsatti, Incorporated Liquor License Case.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Maximillian J. Klinger,* for appellant.

*I. Harry Checchio,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WATKINS, J., September 15, 1966:

On November 1, 1961, the Pennsylvania Liquor Control Board granted to Orsatti, Incorporated a restaurant liquor license. On August 15, 1962, the Board issued a citation to said licensee to show cause why the said license should not be revoked and the bond for-

feited by reason of certain violations. After hearing, the Board, on May 15, 1963, made an order suspending the said license for forty days. The licensee appealed to the Court of Quarter Sessions of Philadelphia County, which court, after hearing, affirmed the order of the Board. This appeal followed.

The Board found as a fact that the licensee employed persons also employed by another licensee on January 3, 4, 11, 13, 14, and 21, 1962, and that the licensee, by its servants, agents or employees cashed payroll checks on January 10, 23 and 31; February 8, and 14, 1962.

On appeal to this Court in cases such as this it is our function to determine whether there is evidence to support the order appealed from, and whether the court below committed an error of law or abused its discretion. *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902 (1956) ; *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 142 A. 2d 326 (1958).

The facts relied on to support this order from the minimal record produced in this case appear to be as follows: That on January 3, 1962, Fred Orsatti and a man called Joe were tending bar on the licensed premises; that on December 31, 1961, and January 1, 1962, the same two were tending bar at the Penn Center Social Club; that on January 13th and 14th, 1962, Joe was tending bar at the licensed premises and January 14, 1962, Fred Orsatti was tending bar at the Penn Center Social Club with a man named Angelo; that on January 11, 1962, Joe was tending bar at the licensed premises. On January 21, 1962, Fred Orsatti and a man called Bob were tending bar at the Penn Center Social Club; and that on January 5, 1962, Angelo Di-Reinze and Fred Orsatti were also tending bar at the club. During the time in question Fred Orsatti was listed as the manager for the licensee and was paid $75

a week by it during this time. The men involved, other than Fred Orsatti, were not further identified nor were any pay records produced.

The Penn Center Social Club is operated for its members' benefit and any member can assist at the bar voluntarily without thereby becoming an employee.

The Liquor Code, Act of April 12, 1951, P. L. 90, §493(11), 47 PS §4-493(11), makes it unlawful for any hotel, restaurant or club liquor licensee, or any malt or brewed beverage licensee, or any servant, agent or employe of such licensee, to be at the same time employed, directly or indirectly, by any other person engaged in the manufacture, sale, transportation or storage of liquor, malt or brewed beverages or alcohol.

Employment contemplates an agreement between the parties, control in the employer and a promise of remuneration for effort, not merely presence and limited acts on an alleged employer's premises.

The evidence in this record falls far short of establishing dual employment of any of the men here involved and does not support the order as entered. The evidence to establish dual employment, if any, was readily obtainable by the enforcement officers but this apparently was not the case.

As for the checks, the code makes it unlawful for any licensee or his servants, agents or employees, to cash payroll checks. The checks here involved were obviously payroll checks and contained the endorsements of only the payee and the licensee, and were deposited to licensee's account. This supports the order and the court below did not abuse its discretion in so finding.

The order of the court below is modified to provide a suspension of twenty days instead of forty days to be served as determined by the Liquor Control Board.