**Joseph B. MARSHALL, Plaintiff,**

v.

**CITY OF ATLANTA, BUREAU OF SERVICES, Chief B.J. Thompson, Chief J.F. Bennett and Captain Bruce Borders, Defendants.**

**Civ. A. No. C83–306A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 20, 1984.

582

William F. Rucker, Atlanta, Ga., for plaintiff Joseph B. Marshall.

Marva Jones Brooks, Malcolm J. Hall, Marion K. Smith, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Presently pending in this 42 U.S.C. § 1983 action is defendants' second re-

newed motion for summary judgment (filed June 29, 1984).

## FACTS

Plaintiff was employed as a firefighter for the Bureau of Fire Services for the City of Atlanta, Georgia, on December 26, 1977. On February 18, 1981, following a conference with his superiors concerning a doctor's certificate, plaintiff referred to his superiors as "goddam mother fuckers," "downtown lackeys," and "sons of bitches" apparently in front of his co-workers. (Bennett Affidavits). Plaintiff contends this language was often used around the fire station in the presence of superior officers. (Marshall Affidavit).

Based on this incident, plaintiff was dismissed on October 19, 1981, for violating Bureau Rule 2.02. That Rule stated:

> An employee of the Department shall be civil, orderly, and courteous to the public, co-workers, and supervisors, and shall not use coarse, insensitive, abusive, violent or profane language.
>
> When in public, in an on-duty capacity, supervisors shall be referred to by rank/position/title.

Plaintiff filed the instant action on February 17, 1983, claiming that Rule 2.02 is vague, overbroad and provides a discriminatory, capricious and arbitrary standard of discipline in violation of his First and Fourteenth amendment rights. (Complaint, ¶ 12).

Defendants move for summary judgment on plaintiff's due process and free speech claims on the grounds that there is no genuine dispute that Rule 2.02 is not vague or overbroad.

## DISCUSSION

### A. *Constitutional protection*

The first issue presented by defendants' motion is whether plaintiff's comments were constitutionally protected. Plaintiff argues that "expressions of general frustration" with his superiors should be constitutionally protected because they do not have a "clear enough connection" with his job.

■ Resolution of the issue of whether plaintiff's comments were constitutionally protected requires an application of the balancing test enunciated in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). That test calls for a balancing of the interest of the Bureau of Fire Services in promoting the efficient delivery of fire services and the interest of plaintiff in speaking freely. *Id.* at 568, 88 S.Ct. at 1734. *See Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 415, 99 S.Ct. 693, 696, 58 L.Ed.2d 619 (1979); *Waters v. Chaffin*, 684 F.2d 833 (11th Cir.1982); *Wilson v. Taylor*, 658 F.2d 1021, 1027 (5th Cir.1981); *Bickel v. Burkhart*, 632 F.2d 1251, 1256 (5th Cir. 1980). Application of the *Pickering* balancing test is a question of law. *Schneider v. City of Atlanta*, 628 F.2d 915, 918–19 (5th Cir.1980); *Bickel v. Burkhart, supra*, 632 F.2d at 1256.

■ Upon careful consideration of the circumstances involved in this case, the court finds that plaintiff's comments were *not* constitutionally protected. The Bureau's interest in maintaining the authority of the Bureau's superior officers, and thus order and harmony in the firefighting unit, outweighs plaintiff's interest in abrasive, offensive criticism of his superiors and/or their manner of conducting their duties. As the Second Circuit stated in *Janusaitis v. Middlebury Volunteer Fire Department*, 607 F.2d 17 (2nd Cir.1979), in fighting fires "an *esprit de corps* is essential" and "[c]arping criticism and abrasive conduct have no place in a small organization that depends upon common loyalty—'harmony among coworkers,'...." *Id.* at 26.

Thus, because operational efficiency and harmony among coworkers are critical to the effective operation of the Bureau of Fire Services, and because lives are at stake when the Bureau is not effective, the court finds that disruptive conduct such as plaintiff's is not constitutionally protected. *Accord Janusaitis, supra* (verbal attacks of senior officers and coworkers by firefighter held not protected by Constitution). *Cf., Bickel v. Burkhart, supra* (remarks

584

directed at the fire department as an institution which were not made in a hostile or threatening manner and which did not interfere with the operation of the fire department held to be constitutionally protected); *Waters v. Chaffin, supra* (policeman's criticism while off-duty found constitutionally protected).

## B. *Vagueness claim*

■ The next issue presented by defendant's motion is whether the rule pursuant to which plaintiff was dismissed is unconstitutionally vague.

It is well settled that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process law...." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Stated in other terms, a statute is vague if it fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 105, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). *Also see Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). This standard has also been applied to governmental employment regulations. *See, e.g., Bence v. Breier*, 501 F.2d 1185, 1188 (7th Cir.1974), *cert. denied*, 419 U.S. 1121, 95 S.Ct. 804, 42 L.Ed.2d 821 (1975).

Vagueness, obviously, is a matter of degree and context. The court must determine whether the rule pursuant to which plaintiff was fired creates a standard of conduct which is capable of objective interpretation by those firefighters who must abide by it, by those departmental officials who must enforce it, and by any administrative or judicial tribunal which might review any disciplinary proceeding. *Id.* at 1190.

Considering the limitations of the English language, the court finds that the rule in question does provide such a standard and that plaintiff's speech was clearly proscribed by the rule. A person of ordinary intelligence would not have to guess whether calling a superior officer a "goddam mother fucker," a "downtown lackey," and a "son of a bitch" was "coarse, insensitive, abusive, violent or profane language" or was not "civil, orderly and courteous."

Plaintiff contends that language similar to that which he was fired for had been often around the fire station by other firefighters in the presence of superior officers without disciplinary action being taken and that this pattern of enforcement presents a fact question as to whether he had a reasonable opportunity to know what was prohibited by Rule 2.02, and thus a fact question as to whether the rule was vague. The court rejects this argument. Given that the rule provides a facially ascertainable standard of conduct, the pattern of enforcement is not relevant to plaintiff's vagueness claim.

In sum, the court finds the rule in question not unconstitutionally vague as a matter of law.

## C. *Overbreadth claim*

■ The third issue presented by defendant's motion is whether Rule 2.02 is unconstitutionally overbroad.

The Supreme Court, in altering its traditional rules of standing, has held that an individual may attack an overly broad statute on First Amendment grounds without demonstrating that his or her own conduct could not be regulated by a statute drawn with the requisite narrow specificity. *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965). "Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial predication or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). "Facial overbreadth

claims" have been entertained in cases such as the instant one where governmental employment regulations, by their terms, purport to regulate the time, place, and manner of expressive conduct. *See, e.g., Waters v. Chaffin, supra; Davis v. Williams,* 617 F.2d 1100 (5th Cir.), *cert. denied,* 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980).

Under the overbreadth doctrine, a regulation will not be unconstitutionally broad if a limiting construction or partial invalidation can be made to remove the seeming threat or deterrence to constitutionally protected expression. *See Dombrowski, supra,* 380 U.S. at 491, 85 S.Ct. at 1123. As the Supreme Court has said, "application of the overbreadth doctrine ... is, manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort." *Broaderick v. Oklahoma, supra,* 413 U.S. at 613, 93 S.Ct. at 2916. *See also New York v. Ferber,* 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982) (child pornography case).

Turning to the instant case, the court does not find Rule 2.02 unconstitutionally overbroad. Construing it to only apply to conduct while on-duty, the proscription is constitutionally warranted. *See* discussion *supra.* The rule, limited to on-duty conduct and speech, does not cause the firefighters to refrain from constitutionally protected speech or expression. *Cf. Waters v. Chaffin, supra* (policeman's off-duty conduct constitutionally protected).

**CONCLUSION**

In sum, the court GRANTS defendant's motion for summary judgment, finding no constitutional violation on the face of Rule 2.02 and no constitutional violation in the disciplinary action taken against plaintiff.

This Order terminates this action.