William KNAPP, Plaintiff,

v.

Robert MILLER, et al., Defendants.

No. CV–N–92–170–ECR.

United States District Court,
D. Nevada.

June 10, 1994.

Donald York Evans, Reno, NV and Belli, Belli, Brown, Monzione, Fabbro & Zakaria, San Francisco, CA, for plaintiff.

Attorney Gen., Carson City, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

In a previous order (document # 49) this Court found that Plaintiff sufficiently stated a valid claim for the violation of free speech under 42 U.S.C. § 1983. However, the Court determined that in order to evaluate the scope of the employee's First Amendment rights, the interest of the employee and the interest of the State, as an employer in promoting the efficiency of the public services it performs through its employees, must be compared. The Court gave defendants further opportunity to articulate the interests of the State in this matter, and the opportunity to renew summary judgment. In the same order the Court determined that the allegation of the unconstitutionality of the "moonlighting regulation" at issue (AR 355)

was adequately alleged, and that defendants should respond to said allegation. Defendants have responded and argue that the State's interest outweighs the free speech interest of the plaintiff in this matter and that AR 355 is not unconstitutional. The Court now considers defendants' renewed motion for summary judgment (document #51).

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.,* 521 F.2d 1129 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner,* 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141 (9th Cir.1983).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

██ In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrele-

vant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

██ Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

██ First we consider plaintiff's claim for violation of free speech under 42 U.S.C. § 1983. There is no issue as to what speech was the catalyst for plaintiff's employment termination, later changed to demotion, in this case. *Compare with Cynthia Waters et al. v. Churchill,* —— U.S. ——, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) (material question of fact remains as to whether Plaintiff was fired for statements at issue or because of something else).

The Court previously found that under the facts of this case, plaintiff's commercial speech is protected to a degree and deserves to be weighed against the interests of the state to determine the protection due to that speech. Because the Court placed value on Plaintiff's right to speech above that of speech that merely constitutes an internal employment grievance, the Court determined that the balancing test in *Pickering v. Board of Education,* 391 U.S. 563, 573, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968) is the appropriate test to apply. *See also Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). The Court now concludes that, in the matter at hand, the interest of the defendants in running the prison system efficiently is related and outweighs the plaintiff's interest in exercising his limited right to commercial speech.

It is the policy of the State of Nevada to prohibit employees from engaging in inconsistent and incompatible activities or those that conflict with their duties as state em-

ployees. The regulation at issue advances a significant legitimate state interest—that is, the promotion of the efficiency of state government by making sure employees can devote proper time to their duties, and by making sure employees' activities or employment do not discredit the agency. The Director of the Department of Prisons stated in an affidavit that Dr. Knapp's activities (attempting to develop an adult theme park brothel) were antagonistic to the mission of the Department of Prisons based on the fact that his quotes in the local newspapers regarding his views on prostitution brought discredit to the employer and to the State and did impact Dr. Knapp's effective performance of his state duties by virtue of the prison population's being aware of the scheme. Dr. Knapp's areas of assignment at the prison were AIDS education classes to inmates, crisis intervention, and short term individual counseling. Dr. Knapp's entrepreneurial efforts in relation to the theme park brothel conflicted with his duties for the prison. His view that prostitution should be "mainstreamed" and "is a good role model for the inmates" conflicts with the Department of Prison's mission to rehabilitate its prisoners. Dr. Knapp's exercise of commercial speech brought discredit to the Department of Prisons and its institutions. The defendants' interest in promoting the efficiency of state service and not allowing employees to bring discredit upon state government, particularly in the context of a prison where reform and discipline are tantamount, clearly outweighs the plaintiff's limited rights to his commercial speech.

■ Constitutional review of government employment decisions rests on different principles than review of speech restraints imposed by the Government as sovereign. The extra power the government has in this area comes from the nature of the government's mission as employer. The NDOP is charged by law with doing particular tasks. Employees of the prison are hired to help do these tasks as effectively and efficiently as possible. When someone who is paid a salary so that he will contribute to an agency's effective operation begins to do or say things that detract from the agency's effective operation,

the government employers must have some power of restraint.

The key to First amendment analysis of government employment decision, then, is this: The government's interest in achieving its goals as effectively and efficiently as possible is elevated from a relatively subordinate interest when it acts as sovereign to a significant one when it acts as employer. The government cannot restrict the speech of the public at large just in the name of efficiency. But where the government is employing someone for the very purpose of effectively achieving its goals, such restrictions may well be appropriate. *Waters, supra* —— U.S. at ——, 114 S.Ct. at 1888.

■ Next we consider Plaintiff's allegation that AR 355 is unconstitutionally vague. Plaintiff specifically alleges that the regulation is too vague in that it does not give NDOP employees adequate and fair notice as to what constitutes "secondary employment."

AR 355 requires that "review and approval of each individual intent to participate in secondary employment be approved prior to any actual participation." The regulation then precisely directs what a Department of Prisons employee who "plans to engage in secondary employment" must do.

■ It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). The prohibition against vagueness extends to administrative regulations affecting conditions of governmental employment. *Byrd v. City of Atlanta,* 709 F.Supp. 1148, 1153 (N.D.Ga.1989); *Bence v. Breier,* 501 F.2d 1185, 1188 (7th Cir.1974) *cert. denied,* 419 U.S. 1121, 95 S.Ct. 804, 42 L.Ed.2d 821. Laws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. *Grayned supra,* 408 U.S. at 108, 92 S.Ct. at 2299.

Plaintiff's contention that AR 355 does not give a person of ordinary intelligence a rea-

sonable opportunity to know what is prohibited is without merit. Plaintiff claims that he was engaged in exploring an entrepreneurial opportunity and claims that because he was not receiving money or receiving other financial remuneration from an ongoing business enterprise, he reasonably concluded that he did not need to seek the Director's approval for his activities. Plaintiff contends that with respect to the requirement of prior authorization the provision of AR 355 are ambiguous, contradictory, and indefinite.

The stated purpose of AR 355 is:

To specify those *activities* which are inconsistent, incompatible or in conflict with the duties of a Nevada Department of Prisons' employee and establish procedures for application to participate in secondary employment.

AR 355 Section I (emphasis added).

The stated policy of AR 355 is:

Employees shall not engage in any *employment, activity or enterprise* which has been determined to be inconsistent, incompatible or in conflict with their duties as State Officers and employees, or with the duties, function or responsibilities of the Department.

AR 355 Section III (emphasis added).

The regulation also includes an extensive but unexhaustive list of employment and activities that are deemed as prohibited. The regulation makes it clear that "employment" and "participation in activity" in various ventures or undertakings is inappropriate. Nowhere does the regulation state or imply that the governing issue is remuneration. Instead, the emphasis is consistently on activities that consume the energy, time, and dedi-

cation of a job yet are incompatible with the performance of the job with the state.[1]

Finally, the regulation at issue states;

This regulation does not prevent a Department employee from participating in outside *employment or activities*. It does, however, require that review and approval of each individual intent to participate in secondary employment be approved prior to any actual participation.

AR 355 Section VB (emphasis added).

The regulation lists what a Department employee who has the intent to participate in secondary employment must include in a request to do so and includes, in part, the following language:

The request shall be sufficiently detailed to allow for a determination regarding the propriety of the *employment or enterprise* in relation to state employment and whether or not the *proposed activity* is within the definition of a prohibited class.

and

The Warden shall make a recommendation regarding the *proposed activity* and shall forward the recommendation for final determination to the Director.

AR 355 Section VB1 (emphasis added).

In this case, plaintiff's conduct consisted of obtaining a business license, directing an active scheme to acquire investors by soliciting funds from bars throughout the West, and advertising. The regulation is clear, unambiguous and is not contradictory. The wording of the regulation at issue does not, as plaintiff argues, create a due process deficiency analogous to the facts in *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 111 S.Ct.

---

1. "Employment" can mean different things in different contexts. "Employment for workers' compensation purposes contemplates not only actual work time, but reasonable ·time before commencing and after concluding actual employment." *Panagos v. Industrial Com'n 1 Dis.*, 171 Ill.App.3d 12, 120 Ill.Dec. 836, 524 N.E.2d 1018, 1020 (1988); "Employment within the Liquor Code making it unlawful for hotel, restaurant or club liquor licensee or any servant to be at same time employed by any other person engaged in manufacture, sale, transportation or storage of liquor contemplates an agreement between parties, control in employer and promise of remuneration for effort, not merely presence

on alleged employer's premises." *In re Orsatti, Inc.*, 208 Pa.Super. 314, 222 A.2d 454, 455 (1966); "Employment in civil service retirement statute providing more favorable retirement benefits to·veterans whose employment began before July 1, 1939, refers to rendering of services for pay whether or not on a regular and continuing basis. *Cardellicchio v. Board of Retirement of Natick*, 391 Mass. 760, 463 N.E.2d 1174, 1175 (1984).

In the context of AR 355 it is clear that secondary employment refers to those activities which requires the energy, dedication, time or attention comparable to a job.

2720, 115 L.Ed.2d 888 (1991) (Nevada Supreme Court Rule prohibiting a lawyer from making extrajudicial statements to press that "he knows or reasonably should know have substantial likelihood of materially prejudicing adjudication proceeding" held unconstitutionally vague.) The issue in *Gentile* centered on terms of degree which the Court held were ambiguous. There is no language in AR 355 requiring similar interpretation or exercise of discretion.

Moonlighting regulations and other rules regulating off-duty employment or secondary employment have been upheld in several jurisdictions around the country. *See Allison v. City of Southfield*, 172 Mich.App. 592, 432 N.W.2d 369 (1988); *Fraternal Order of Police, Local Lodge 73 v. City of Evansville*, 559 N.E.2d 607 (Ind.1990). Regulations similar in content, form and language to AR 355 have been upheld in California against challenges to vagueness. *Long Beach Police Officers' Assoc. v. City of Long Beach*, 46 Cal.3d 736, 250 Cal.Rptr. 869, 759 P.2d 504 (1988). AR 355 withstands a challenge to vagueness because it gives a reader with ordinary intelligence fair notice of what they are required to do before pursuing other employment.

As to plaintiff's argument that AR 355 is unconstitutional as applied, it too is without merit. There is no clear delineation of the plaintiff's argument how AR was unconstitutionality applied to plaintiff. Furthermore, it is an impossible argument to make because Plaintiff never sought the approval of the Director or the Warden before engaging in promotion activities associated with his brothel theme park. The plaintiff therefor lacks standing to challenge AR 355 as it applies to him because he failed to seek approval from the Director; therefore, the Director never had the occasion to approve or deny a request from Dr. Knapp. *See IDK, Inc. v. Clark County*, 836 F.2d 1185, 1196–97 (9th Cir.1988) (Plaintiffs were granted licenses by the County and therefor lacked standing to challenge the licensing requirements of the challenged statute as applied to them).

AR 355 is not void for vagueness nor is it unconstitutionally applied to the Plaintiff.

The language of the regulation is clear and gives an employee of reasonable intelligence notice that he must seek approval from the Department if he intends to participate in secondary employment, activity or enterprise. The regulation provides a description of the information necessary for the Director to determine whether the proposed activity, enterprise or employment is incompatible and inconsistent with the employee's duties.

Plaintiff fails to identify a material issue of fact which would preclude the entry of summary judgment. IT IS, THEREFORE, HEREBY ORDERED that Defendants' Renewed Motion for Summary Judgment is GRANTED. The clerk shall enter Judgment accordingly.